UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GT TOWING, INC. | * | CIVIL ACTION |
| VERSUS | * | NUMBER: 07-7774 |
| INTERNATIONAL TRUCK AND ENGINE CORPORATION, ET AL. | * | SECTION "L" (3) |

### ORDER & REASONS

Before the Court is the plaintiff's Motion to Remand (Rec. Doc. 6).  For the following reasons, the plaintiff's motion is now GRANTED and this matter will be REMANDED to state court.

I.   BACKGROUND

This case arises out of the sale of a new wrecker truck to GT Towing, Inc. ("plaintiff"), a Louisiana corporation located in Folsom, Louisiana.  On November 5, 2005, the plaintiff executed a contract of sale with Magnolia Wrecker Sales, Inc. ("Magnolia") for a new International 4200 Rollback wrecker truck.  The truck was manufactured by International Truck and Engine Corporation ("International").  Prior to the sale, the truck was reconfigured into a tow truck by Jerr-Dan Corporation ("Jerr-Dan").  Since the sale, the truck has allegedly shown numerous defects that have caused it to undergo repeated repairs.  Lingo International, Inc. ("Lingo"), an authorized repair facility of International, has attempted to perform a number of these repairs.

On August 31, 2007, the plaintiff filed suit against Magnolia, International, Jerr-Dan, and Lingo in the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana.  Of

1

the four defendants, only Lingo is a citizen of Louisiana, the remaining defendants are citizens of other states. The plaintiff contends that the alleged defects are manufacturing defects caused by International and Jerr-Dan. The plaintiff also contends, however, that Lingo negligently failed to repair the truck on several occasions. The plaintiff seeks a rescission of the sale and additional damages associated with its loss of use of the tow truck.

Magnolia, International, and Jerr-Dan ("removing defendants") removed the case to federal court on November 1, 2007, contending that this Court has diversity jurisdiction under 28 U.S.C. § 1332 because Lingo is improperly joined and the amount in controversy exceeds $75,000. On December 7, 2007, the plaintiff filed the instant motion to remand.

## II.     LAW & ANALYSIS

The removing defendants bear the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). As a general matter, the removal statute is to be construed narrowly and in favor of remand to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941). Indeed, "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). Accordingly, all disputed questions of fact must be resolved in favor of the non-removing party. *See Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995).

In this case, the removing defendants contend that this Court has diversity jurisdiction over this case because complete diversity exists between the plaintiff and the properly joined defendants, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. Specifically, the removing defendants assert that diversity jurisdiction exists because Lingo, the

sole non-diverse defendant, was improperly joined and, therefore, that the Court must disregard the citizenship of this defendant. "The burden of proving a fraudulent joinder is a heavy one," and the burden is borne by the removing parties. *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983). The removing parties can satisfy their heavy burden by demonstrating "that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in plaintiff's pleading of jurisdictional facts." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). However, "[i]f there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder. This possibility . . . must be reasonable not merely theoretical." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002); *see Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 574 (5th Cir. 2004).

In this case, the plaintiff alleges that Lingo was negligent in the repair of the tow truck. The removing defendants seize on the plaintiff's use of the phrase "high duty" in describing the duty that Lingo allegedly breached, and argue that Lingo cannot be held to such an elevated standard of care based on the facts of this case. Whatever the scope of Lingo's duty in this case, an issue the Court does not reach here, it is clear from a review of the complaint that the plaintiff has asserted a claim for negligence against Lingo. At a minimum, without further factual development the Court cannot conclude that the plaintiff has no possibility of recovery against the in-state defendant. Accordingly, with complete diversity of citizenship between the parties lacking, the Court finds that it may not exercise subject matter jurisdiction over this dispute.

## III.     CONCLUSION

For the foregoing reasons, IT IS ORDERED that the plaintiff's Motion to Remand (Rec. Doc. 6) is GRANTED and that this matter is hereby REMANDED to the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana.

New Orleans, Louisiana, this 11th day of February, 2008.

_____
UNITED STATES DISTRICT JUDGE